UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cr-00040-RLY-WGH |
| | ) | |
| MELVIN W. FAGAN, (01) | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR A REDUCTION**

Melvin Fagan pled guilty in 2013 to committing fraud and identity theft. The court sentenced him to 101 months in prison pursuant to a plea. *See* Fed. Crim R. Pro. 11(c)(1)(C). The sentence ran consecutive to two other federal sentences, so Fagan's projected release date is September 23, 2026. Fagan now seeks a reduction under 18 U.S.C. § 3582(c) claiming his sentencing range was lowered by Amendment 791[1]—the amendment that modified the applicable fraud loss table in 2B1.1(b)(1) of the Sentencing Guidelines.

The government says the court should deny his request outright because he waived any right to contest his sentence in his plea agreement. But a waiver provision must be "clear and unambiguous", *see United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009), and while Fagan waived his right to *appeal* his sentence, he did not "clearly and

---

[1] Fagan did not identify a specific amendment. But he did argue the Sentencing Commission recently lowered his sentencing range by modifying the fraud loss table applicable to his case. (Filing No. 123, Brief in Support at 3). Construing his *pro se* filing liberally, the court understands Fagan to be referring to Amendment 791.

1

unambiguously" waive his right to *seek a modification*. *Id.* at 558 – 59 (holding defendant did not waive right to seek a sentence modification under 18 U.S.C. § 3582(c)(2) even though he earlier agreed not to "appeal" or "contest" his sentence). Fagan's plea says nothing about waiving a right to seek a modification under 18 U.S.C. § 3582(c)(2):

> [Fagan] expressly waives his right to appeal his conviction and the sentence imposed in this case on any ground, including the right to appeal conferred by [18 U.S.C. § 3742], regardless of how the sentence is calculated by the court. Similarly, [Fagan] also waives his right to contest his conviction and sentence, and the manner in which was determined, in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255 . . . .

(Filing No. 83, Plea Agreement ¶ 14). This provision only says Fagan waives his right to "appeal" or "contest" his sentence and conviction; it does not say Fagan waives his right to "seek a modification". The difference is not semantic: defendants who "appeal" or "contest" their sentences are saying the original sentence imposed is wrong; defendants who seek to modify their sentences under § 3582(c)(2) are not saying the original sentence is wrong but that changed circumstances warrant a reconsideration of that sentence. *See Monroe*, 580 F.3d at 557; *see also United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003). This conclusion is supported—if not required—by the Seventh Circuit's decision in *Monroe*, which considered a nearly identical plea provision and held the defendant did not waive his right to seek a modification under § 3582(c)(2):

> [Monroe] expressly waive[s] his right to appeal the convictions and any sentence imposed within the statutory maximum on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also expressly agree[s] not to contest his sentence or the manner in which it was

> determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255.

*Monroe*, 580 F.3d at 554; *see also Chavez-Salais*, 337 F.3d at 1173 (motions seeking a modification under § 3582(c)(2) do not clearly fall under a general prohibition of "any collateral attack" in plea agreement).  The court therefore agrees with Fagan; he did not waive his right to seek a sentence modification under § 3582(c)(2).

The problem for Fagan, though, is the merits.  A defendant is eligible for a reduction under 18 U.S.C. § 3582(c)(2) only when the defendant's sentence is based on a range that has been lowered by an amendment adopted *and made retroactive* by the Sentencing Commission.  *Id.* § 3582(c)(2); *see generally United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (discussing in detail the eligibility requirements under § 3582(c)(2)).  Amendment 791—the one that modified the fraud loss table used in Fagan's case—was not made retroactive by the Sentencing Commission, so it does not apply retroactively to Fagan's sentence.  *United States v. Terry*, 758 F.App'x 888, 890 (11th Cir. Feb. 14, 2019) (defendant not eligible for sentence reduction under § 3582(c)(2) because Sentencing Commission did not make Amendment 791 retroactive); *United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019) (same); *United States v. Su*, 797 F.App'x 349, 350 (9th Cir. Mar. 11, 2020) (memorandum opinion) (same).

Fagan's Motion for a Reduction (Filing No. 123) is therefore **DENIED**.

**SO ORDERED** this 18th day of August 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.


Mail to:

Melvin Fagan, #08072-027
USP Marion
P.O. Box 1000
Marion, IL 62959